Andrew McClain, J.,
delivered the opinion of the Court.
The complainants filed their bill in the Chancery Court of Davidson County, charging that the defendant was indebted to' them, as executors, by note of 14th February, 1862, executed by said Waters and Alexander Fall to their testatrix, E. P. Wilson, for five thousand dollars, payable at twelve months, with interest from date; that Waters was a non-resident, and owned a valuable house and lot in Nashville, which they pray may be attached.
An attachment was issued and was levied on this house and lot. Publication was regularly made, and at the May Term, 1866, a decree pro confesso was entered in the cause, and an order made directing the house and lot to be sold for the satisfaction of complainants’ debt.
At the November Term, 1866, the defendant, Waters, appeared, and procured what is styled in the decree an original and amended answer, and moved the Court to set aside the order pro confesso rendered at the May Term, and to have leave to file these answers and make his defense.
It further appears from the decree, that complainants thereupon produced in Court their counter affidavit, and asked leave >to file it and resist defendants’ motion.
*325 Upon bearing of these motions, the Chancellor overruled the motion of defendant to set aside the order and decree, and to be allowed to file his answer; and from this ruling of the Court the defendant has appealed to this Court.
Section 3529 of the Code, provides, that in all cases of attachment sued out because the defendant resides out of the State, or has merely removed himself or property from the State, the judgment or decree by default may be set aside upon application of the defendant and good cause shown within twelve months thereafter, and defense permitted upon such terms as the Court or justice may impose.
Neither the original or amended answer were made part of the record by bill of exceptions.’
They have been copied into the transcript before us; but not being a part of the record, they cannot be looked to for any purpose.
We are enabled to gather from the decree of the Court, however, the substance of this original and amended answer.
The decree makes the following quotation from the original answer offered by defendant, viz:
“But this respondent positively denies that he is either justly or legally indebted to the complainants the amount of the promissory note, to enforce the collection of which the complainants have brought their said bill, or any part thereof.
“Respondent states that said promissory note was given to complainants’ testatrix without consideration — the sole consideration (if such, indeed, it can be called) being *326 Confederate notes advanced by complainants’ testatrix or her agent, to respondent, a few days before the fall of Fort Donelson, in February, 1862. All that respondent ever received for said $5,000 note were the notes of the so-called Confederate States of America.”
After this quotation, made from the original answer, the decree contains the following quotation from the amended answer, viz:
“In regard to the five thousand dollars mentioned in complainants’ bill, this defendant never received any consideration at all. On Friday, the 14th day of February, 1862, this defendant called on Mr. Alexander Fall, at his store, to leave the five thousand dollar note mentioned in said complainants’ bill, which the said Alexander Fall indorsed; and at the same time remarked that he had money in the Planters’ Bank of Tennessee, and would the next day place the amount of said note to my credit. This 'respondent did not call at said Planters’ Bank on Saturday the 15th of February, 1862, but took it for granted that the said credit of five thousand dollars was given to him by the said Alexander Fall. On the 16th of February, 1862, this defendant left Nashville for Arkansas, and has not been in Nashville, Tennessee, since that time.”
These two quotations, incorporated in the decree of the Chancellor, contain about all that is material in the original and amended answers; so that if it were proper to look to them, the conclusion is to be drawn as to what is the real defense intended to be relied upon by the defendant, would not be changed.
The defense indicated in the original answer, is, that *327 the consideration of the five thousand dollar note was Confederate money.
The only intelligible construction that can be placed upon the supplemental answer is, that defendant left the five thousand dollar note with Fall, as the agent of complainants’ testatrix, who indorsed it; and as her agent, having her funds in his possession, promised to place $5,000, the amount of the note, to the credit of the defendant, which was not done — so that he got no consideration for the note.
The Chancellor, recognizing the difficulty of reconciling the statements of the original answer with those of the amended answer, predicated his decree upon the assumption that what was meant by the amended answer was, that defendant got from Fall, as agent of complainants’ testatrix, $5,000 in Confederate money, through the bank; and assuming this to be what was meant, held that the defendant occupied the attitude of actor in his motion, and could not in that character, be allowed his motion to set aside the judgment pro confesso, on the ground that the consideration of the note was Confederate money.
The ruling of the Chancellor is probably not in accordance with what has been heretofore held by this Court, touching public policy as it relates to Confederate money. Yet we do not deem it. necessary to determine whether the ruling of the Chancellor, applied to the facts of the present case, was correct or incorrect upon this subject, as the amended answer is not susceptible of the construction placed upon it by the Chancellor.
*328 The defendant stands before the Court, insisting in his offered original answer, that the consideration of the note was Confederate money,, and in his amended answer, that he received no consideration, because the money was not placed to his credit in hank according to promise. A defendant seeking to have an order pro confesso set aside, and to be permitted to make a defense, must not only, in the language of the Code, show a “good cause,” but this good cause ought to be so indicated that the Court might be enabled to determine what it really is. This, we consider, has not been done in this cause. The original and amended answers proposed to be filed, cannot be reconciled with each other.
The ruling of the Chancellor, overruling defendant’s motion, will be sustained, and the cause remanded, and the decree of the Chancellor executed.
Complainant recovers his cost of this Court. Let decree go against defendant and his surety for cost.